IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELEANOR M. GLASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:06-cv-1619-ESH |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION TO DISMISS AMENDED COMPLAINT

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages

allegedly caused by the Internal Revenue Service ("Service") disclosing confidential

return information.   Plaintiff's amended complaint, like the original complaint, should

be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter

jurisdiction and failure to state a claim upon which relief can be granted.

QUESTIONS PRESENTED

Section 7433(a) provides, with one exception not pertinent here, that it "shall be

the exclusive remedy for recovering damages" for unauthorized or improper collection

actions.  26 U.S.C. § 7433(a).  Plaintiff's unauthorized disclosure claim relates to a notice

of federal tax lien filed by the Service.  Can Plaintiff recover under 26 U.S.C. § 7431

when her claim is based on a collection action?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative

remedies available to such plaintiff" before a judgment for damages may be awarded.

26 U.S.C. § 7433(d)(1).  Plaintiff has failed to meet her burden with respect to this requirement.  Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiff's claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code.  26 U.S.C. § 6103.  Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to establishment of liens.  26 U.S.C. § 6103(k)(6).  Did the Service violate section 6103 by filing a notice of federal tax lien?

STATEMENT OF FACTS

1. Introduction

On September 18, 2006, Plaintiff, acting *pro se*, filed her complaint.  Plaintiff seeks to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint.  (Compl. ¶ 1.)

On December 12, 2006, the United States filed the United States' motion to dismiss.  In its motion, the United States demonstrated that Plaintiff's section 7431 claim must be dismissed because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions, and this Court therefore lacks subject matter jurisdiction over this claim.  The United States also demonstrated that Plaintiff failed to exhaust her administrative remedies as required to maintain a cause of action under section 7433.  Finally, the United States demonstrated

that even if this case were properly before the Court under either 26 U.S.C. §§ 7431 or

7433, Plaintiff has not proven that there has been a violation of 26 U.S.C. § 6103.

On January 11, 2007, Plaintiff filed the amended complaint for damages under

section 7431.

     2.  <u>The allegations in the amended complaint</u>

The amended complaint is nearly identical to the original complaint, except that

it omits certain factual allegations contained in the original complaint. These omitted

factual allegations are as follows:

     a.  Paragraph 4 of the original complaint alleges that "Plaintiff(s) is/are the

subject of ongoing unauthorized collection action being conducted by the

aforementioned agent(s) of the Internal Revenue Service."  (Compl. ¶ 4.)

In the amended complaint, this allegation is omitted in its entirety.

     b.  Paragraph 5 of the original complaint alleges that "[i]n the absence of an

assessment and in the absence of a lien arising therefrom on or about 2005, the

aforementioned agent(s) caused to be recorded with the County Recorder/Register of

Deeds of Chaves County, State of New Mexico, (a) Notice(s) of Tax Lien(s) (a sample is

affixed hereto. Identifying information has been excised)."  (<u>Id.</u> at ¶ 5.)

In the amended complaint, Plaintiff alleges that "[o]n or about 2005, the

aforementioned agent(s) caused to be recorded with the County Recorder/Register of

Deeds of Chaves County, State of New Mexico, (a) Notice(s) of Tax Lien(s)."  (Am.

Compl. ¶ 4.)  Plaintiff has withdrawn her assertion that the notice of federal tax lien was

filed "[i]n the absence of an assessment and in the absence of a lien arising therefrom."
(Id.)  Additionally, in a footnote at the end of this paragraph, Plaintiff acknowledges
and adopts the position set forth in the United States' motion to dismiss that the
validity of the underlying lien is irrelevant to the disclosure issue.  (Id. at ¶ 4 n.1.)

 3.  The present action for "wrongful disclosure" under section 7431

 Plaintiff argues that, "on or about 2005," Service agents caused a notice of federal
tax lien to be recorded with the County Recorder of Chaves County, Utah.  (Am.
Compl. ¶ 4.)  Plaintiff alleges that the notice of federal tax lien wrongfully disclosed tax
return information, and that those disclosures caused Plaintiff substantial mental and
emotional distress and subjected her to the possibility of identity theft.  (Id. at ¶¶ 5, 6,
7.)  Most of the allegations in the amended complaint are nearly identical to the
allegations in the original complaint.

 One noticeable change in the amended complaint, however, is the withdrawal of
Plaintiff's argument that the notice of federal tax lien was filed "[i]n the absence of an
assessment and in the absence of a lien arising therefrom," and the adoption of the
position set forth in the United States' motion to dismiss that the validity of the
underlying lien is irrelevant to the question of unlawful disclosure.  (Id. at ¶ 4 n.1.)

 In short, the gravamen of Plaintiff's amended complaint is the same as the
gravamen of Plaintiff's original complaint.  In both instances, Plaintiff bases her cause of
action in 26 U.S.C. § 7431, which she maintains provides taxpayers with a cause of
action for statutory and/or actual and punitive damages against the United States in

the event that a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103.  (Id. at ¶ 13.)

    4. The prior action for "wrongful collection" under section 7433

Plaintiff has also filed a separate suit against the United States under the authority of 26 U.S.C. § 7433.  Glass v. United States, No. 05-2498 (D.D.C. filed Dec. 30, 2005).[1]  In Plaintiff's section 7433 suit, she filed an amended complaint alleging a variety of forms of misconduct by the Service and challenging the collection activity and validity of the assessments.  (No. 05-2498 Am. Compl. ¶ 7.)  Plaintiff's amended complaint also alleges wrongful disclosure of return information, and seeks damages. (Id.)  In that complaint, Plaintiff acknowledges that 26 U.S.C. § 7433 is her exclusive remedy.  (Id. ¶ 25.)

Plaintiff's section 7433 suit was dismissed March 31, 2006.  Glass v. United States, 424 F. Supp. 2d 224 (D.D.C. 2006).

ARGUMENT

**I. Standard of Review**

When determining a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations close scrutiny because the plaintiff has the burden of proof to establish jurisdiction.  Lindsey v. United States, 448 F. Supp. 2d 37, 42 (D.D.C. 2006) ("Once a defendant has moved to

---

[1]The United States asks that the Court take judicial notice of the information contained in this complaint.  Upon request, a court will take judicial notice of its own files.  Fed. R. Evid. 201(d); Hinton v. Stein, 278 F. Supp. 2d 27, 29 (D.D.C. 2003).

dismiss a case pursuant to Rue 12(b)(1), 'the plaintiff bears the burden of establishing

the factual predicates of jurisdiction by a preponderance of the evidence.'") (quoting

Erby v. United States, 424 F. Sup. 2d 180, 182 (D.D.C. 2006)).  See also Macharia v.

United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of

Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  This scrutiny permits the court to

consider material outside of the pleadings in its effort to determine whether it has

jurisdiction.  See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at *2

(D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625

n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

When determining a motion to dismiss for failure to state a claim upon which

relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the

allegations and facts in the complaint in a light most favorable to the plaintiff, and must

grant the plaintiff the benefit of all inferences that can be derived from those facts.  See

Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  The court need not accept

inferences or conclusory allegations that are unsupported by facts set forth in the

complaint.  See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir.

1994).

**II.  Section 7433 Is Plaintiff's Exclusive Remedy**

Plaintiff's section 7431 claim must be dismissed pursuant to Fed. R. Civ. P.

12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive

remedy for allegedly unauthorized or improper collection actions, and this Court

therefore lacks subject matter jurisdiction over this claim.  Disclosures of return

information allegedly made in the course of collection actions are subsumed within this

exclusive remedy.

Section 7433(a) provides:

If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in Section 7432, such civil action <u>shall be the exclusive remedy for recovering damages resulting from such actions</u>.

26 U.S.C. § 7433(a) (emphasis added).  By its own terms, the statute is the "exclusive

remedy" for the violation of "any provision of this title" that occurs in the course of

federal tax collection.  <u>Id.</u>  Congress provided only one exception to section 7433's

exclusivity, and that is section 7432.  <u>Id.</u>

Section 7431 was added to the Internal Revenue Code six years before section

7433, and Congress must necessarily have been aware of section 7431 when it enacted

section 7433.  <u>Cf</u>. <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19, 32 (1990) ("We assume that

Congress is aware of existing law when it passes legislation.").  Had Congress intended

section 7431 to be an alternative or supplemental remedy to an action within the

purview of section 7433, Congress would have included section 7431 as an exception

along with section 7432.  <u>Cf</u>. <u>Connecticut Nat'l Bank v. Germain</u>, 503 U.S. 249, 253-54

(1992) ("We have stated time and again that courts must presume that a legislature says

in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that

Congress intended the statute to be the exclusive avenue of redress for all unauthorized

collection actions.  The legislative history provides that "an action brought under this

provision [section 7433] shall be the exclusive remedy for recovering damages resulting

from reckless or intentional disregard of a provision of the Internal Revenue Code, or a

regulation promulgated thereunder, by an IRS employee engaged in the collection of

any Federal tax."  H.R. Conf. Rep. No. 100-1104, at 228-29, reprinted in 1988

U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433.  In Shwarz v.

United States, the Ninth Circuit held that section 7433 is the exclusive remedy for

alleged unauthorized disclosures of tax return information that occur in the course of

collection activity, and barred a claim under section 7431 in such a case.  Shwarz v.

United States, 234 F.3d 428 (9th Cir. 2000).  In Shwarz, the plaintiffs claimed that Service

employees made unauthorized disclosures when a revenue officer filed an allegedly

false declaration in support of an application to enter plaintiffs' place of business to

effect a levy and when revenue officers posted seizure notices at plaintiffs' place of

business.  Id.  Because the alleged unauthorized disclosures occurred in connection with

tax collection activities, the court ruled that the suit had to proceed under section 7433

and not section 7431.  Id.  See also Elias v. United States, No. 90-0432, 1990 WL 264722,

at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of

section 7433, Congress did not intend for section 7431 suits to be maintained in

situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir.

1992).

This Court recently concurred in the holding in Shwarz and the exclusivity of

section 7433.  Koerner, et al. v. United States, No. 06-1633, mem. op. at 4 (D.D.C. Jan. 23,

2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court

lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431.").

In sum, section 7433 is the exclusive remedy for disclosures allegedly made

during tax collection activities, a fact which Plaintiff acknowledged in her section 7433

suit.  (No. 05-2498 Am. Compl. ¶ 25.)  Plaintiff's unauthorized disclosure claim relates

to a notice of federal tax lien filed with the County Recorder.  Accordingly, Plaintiff's

unauthorized disclosure claim relates to the Service's collection activities.  See Opdahl

v. United States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098, at * 2 (D.D.C. Aug. 16, 2001)

(noting that filing liens is a collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection

activities, this Court lacks subject matter jurisdiction and the claim should be dismissed

under Fed. R. Civ. P. 12(b)(1).  To hold otherwise would enable a taxpayer, whose

return information was disclosed as part of collection activity, to recover damages

under both sections 7431 and 7433, or to elect the more favorable scheme of relief,

depending on the alleged violation.  Congress did not intend to allow a taxpayer to

receive double recovery for the same conduct, or to shop for the more favorable

remedial scheme.

### III. Plaintiff's Claim Is Barred Because the Requirements of Section 7433 Have Not Been Met

Assuming arguendo that Plaintiff had properly brought her suit pursuant to

section 7433, the Court should nonetheless dismiss Plaintiff's amended complaint

because the requirements of section 7433 have not been met.

It is well-settled that the United States is immune from suit, unless its sovereign

immunity has been waived.  Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman

v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976);

United States v. Shaw, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the

sovereign has waived immunity, no suit can be maintained unless it is in exact

compliance with the terms of the statute under which the sovereign has consented to be

sued.  United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395

U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for

damages, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(d)(1).

"A judgment for damages shall not be awarded under [section 7433] subsection (b)

unless the court determines that the plaintiff has exhausted the administrative remedies

available to such plaintiff within the Internal Revenue Service."  Id.

The Secretary of the Treasury of the United States has promulgated regulations

governing the administrative claim for damages under section 7433.  26 C.F.R. §

301.7433-1(e).  The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of
> negligence) or actual, direct economic damages...shall be sent in writing to the
> Area Director, Attn; Compliance Technical Support Manager of the area in which
> the taxpayer currently resides.

Id.  The taxpayer must send a written administrative claim for damages to the area

director in the district in which the taxpayer lives, and such claim must include the

following: (1) the grounds for the claim; (2) a description of the injuries incurred by the

taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred

but that are reasonable foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. §

301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of

jurisdiction.  See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v.

United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224,

227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit

waiver of the government's sovereign immunity from suit.'" Holt v. Davidson, 441 F.

Supp. 2d 92, 96 (D.D.C. 2006) (citing People of Cal. ex. rel. Ervin v. Dist. Dir., 170 F.

Supp. 2d 1040, 1048 (E.D. Cal. 2001)).  In the instant matter, Plaintiff makes no assertions

concerning her pursuit of administrative remedies, therefore Plaintiff has not met her

burden in proving exhaustion of administrative remedies.[2]  As a result, Plaintiff has not

adequately met her burden in alleging that the United States has unequivocally waived

its sovereign immunity, therefore this Court does not have jurisdiction over this claim

and should dismiss the amended complaint.[3]

### IV.  Plaintiff Fails to State a Claim Because There Was No Unlawful Disclosure

But even if this case were properly before the Court under 26 U.S.C. §§ 7431 or

7433, Plaintiff has not alleged sufficient facts upon which to posit a violation of 26

U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P.

12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation

of section 6103, other than in the collection process.  26 U.S.C. § 7431.  Section 7433

---

[2]In her complaint filed under section 7433, Plaintiff claimed that she had exhausted all administrative remedies, but offered no proof that she had complied with the regulations.  (No. 05-2498, Am. Compl. at ¶ 9.)  In fact, this Court dismissed Plaintiff's section 7433 suit on the basis that she had not exhausted her administrative remedies.  Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006).

[3]There is conflicting case law in the Court concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). Compare Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006) with Glass v. United States, 424, F. Supp. 2d 224, 227 (D.D.C. 2006).  It is the position of the United States that, as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit.  However, because the instant matter was brought pursuant to section 7431 rather than section 7433, and the basis of dismissal for failure to exhaust administrative remedies under section 7433 is only an ancillary issue, the United States respectfully moves to dismiss the action pursuant to 12(b)(1), or in the alternative, 12(b)(6).

protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, in

the collection process.  26 U.S.C. § 7433.  Section 6103(a) is a general taxpayer privacy-

protection statute, and states the general rule that return information shall be

confidential, and that, except as authorized, such information shall not be disclosed.

Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987);

see also Koerner, et al. v. United States, No. 06-1633, mem. op. at 5 (D.D.C. Jan. 23, 2007)

("[N]ot all disclosures of tax return information violate § 6103.").  The Internal Revenue

Code contains a number of specific and several general exceptions to this rule of non-

disclosure.  Specifically, section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official
> duties relating to any...collection activity...disclose return information to the
> extent that such disclosure is necessary in obtaining information, which is not
> otherwise reasonably available...with respect to the enforcement of any other
> provisions of this title.  Such disclosures shall be made only in such situations
> and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the

specific circumstances under which disclosures may be made pursuant to section

6103(k)(6).  Because section 6103(k)(6) directs the Secretary of the Treasury to

promulgate regulations controlling the situations and conditions under which

disclosure is permitted, the resulting regulations are so-called "legislative regulations,"

and are entitled to special deference from the courts.  See, e.g., Chrysler Corp. v. Brown,

441 U.S. 281, 301-03 (1979).

Regulation 301.6103(k)(6)-1T(a) states:

> [A]n internal revenue employee...in connection with the performance of official
> duties relating to any...collection activity...may disclose return information of
> any taxpayer, to the extent necessary to obtain information relating to such
> official duties, including, but not limited to-
> (vi) ...to locate assets in which the taxpayer has an interest...[and] to apply the
> provisions of the Code relating to establishment of liens against such assets.

26 C.F.R. § 301.6103(k)(6)-1T(a) (2003). See also 26 C.F.R. § 301.6323(f)-1(a)(1)

(designating proper place for filing notice of federal tax lien).

Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure

of return information necessary to accomplish collection activities, including the...filing

of notices of federal tax liens, is exempt from the general disclosure prohibition of

Section 6103(a)." Elias v. United States, No. 90-0432, 1990 WL 264722, at *5 (C.D. Cal.

Dec. 21, 1990), aff'd mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States,

972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose

tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012,

1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of

tax return information when made in notices of lien."); Opdahl v. United States, No. 98-

0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) ("Federal courts have held that

disclosure of return information in notices of levy is 'necessary to the collection activity'

and thus falls within the § 6103(k)(6) exemption. The limited information concerning

plaintiff's tax deficiencies included in the notice of lien and levies was 'necessary to the

collection activity' and did not violate 26 U.S.C. § 7431.") (internal citations omitted).

This Court has recently upheld this argument in a case nearly identical to the present

one, and held that "under § 6103(k)(6) and related Treasury regulations, plaintiffs have

failed to state a claim under § 7431." Koerner, et al. v. United States, No. 06-1633, mem.

op. at 6 (D.D.C. Jan. 23, 2007).

In the instant case, it cannot be disputed that the notice of federal tax lien was

filed in connection with the official duties of the Service in attempting to collect

Plaintiff's tax liabilities.  Had the information not have been disclosed, Plaintiff's

creditors would have no way to discover the existence of the lien.  "Indeed, the purpose

of recording the lien...is to place the public on notice of the lien."  William E.

Schrambling Accountancy Corp. v. United States, 397 F.2d 1485, 1489 (9th Cir. 1991).

The actions of the Service agents in this case properly fall under the protection of

section 6103(k)(6), therefore there can be no liability under sections 7431 or 7433.

CONCLUSION

The amended complaint contains allegations virtually identical to those set forth

in the original complaint.  None of the new allegations contained in the amended

complaint are of consequence in relation to the legal analysis under sections 7431, 7433,

or 6103.  The same analysis applies to the amended complaint as applies to the original

complaint.

Here, as with respect to the original complaint, Plaintiff's exclusive remedy is

found in section 7433, therefore the complaint should be dismissed.  In the alternative,

Plaintiff has not exhausted her administrative remedies under the Code, therefore the

complaint should be dismissed.  In the alternative, there has been no violation of section

6103, therefore the complaint should be dismissed.

DATED: January 26, 2007                          Respectfully submitted,

                                                  /s/ Nicole M. Stoduto
                                                 NICOLE M. STODUTO
                                                 Trial Attorney, Tax Division
                                                 U.S. Department of Justice
                                                 Post Office Box 227
                                                 Washington, DC 20044
                                                 Telephone: (202) 616-9785
                                                 Facsimile: (202) 514-6866
                                                 Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney