UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEANOR M. GLASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-01619 (ESH) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Eleanor M. Glass filed a *pro se* complaint on September 18, 2006, seeking

damages under 26 U.S.C. § 7431 based on "intentional and/or negligent unlawful disclosure of

confidential [tax] return information" by agents of the Internal Revenue Service ("IRS").  (Cmpl.

¶ 1; *see id.* ¶ 18.)  Plaintiff filed an amended complaint on January 11, 2007, which the

government has moved to dismiss.  For the reasons set forth herein, the government's motion

will be granted and plaintiff's amended complaint will be dismissed.

## BACKGROUND

Plaintiff's amended complaint is virtually identical to the complaint that this Court

recently dismissed in *Koerner v. United States*, --- F. Supp. 2d ---, 2007 WL 159716, at *1

(D.D.C. 2007).  She alleges that, by filing notices of tax liens with the "County

Recorder/Register of Deeds" in Chaves County, New Mexico, IRS agents "wrongfully

disclose[d], through the public record, tax return information, such as name, address, city, state,

social security number, [and] amount of assessment."  (Am. Cmpl. ¶ 5.)  Arguing that the agents

violated 26 U.S.C. § 6103, plaintiff seeks damages under 26 U.S.C. § 7431.  (*Id.* ¶ 15.)

## ANALYSIS

### I.    Standard of Review

The Court will treat the government's motion to dismiss as one for failure to state a claim upon which relief can be granted.  *See Evans v. United States*, --- F. Supp. 2d ---, ---, 2007 WL 869039, at *2 (D.D.C. 2007) (adopting this approach in a similar case, reasoning that "the deficiency alleged pertain[ed] to the boundaries of the right of action under 26 U.S.C. § 7431 in light of section 7433, in contrast to a statutory provision speaking to the jurisdiction of the district courts"); *see also Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.").  *But see Powell v. United States*, --- F. Supp. 2d ---, ---, 2007 WL 853129, at *1 (D.D.C. 2007) (electing, without discussion, to dismiss a similar case pursuant to Rule 12(b)(1)); *Koerner*, --- F. Supp. 2d at ---, 2007 WL 159716, at *1–3 (same).  Accordingly, the Court may not grant the government's motion "unless it appears beyond doubt that . . . plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

### II.    26 U.S.C. § 7433 Forecloses Plaintiff's Attempt to State a Claim under § 7431

Section 7431 provides a private right of action against the United States if "any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information . . . in violation of any provision of section 6103." 26 U.S.C. § 7431(a)(1) (2006); *see id.* § 7431(c)).  Section 6103 provides that, subject to specific exceptions, tax returns and return information must be kept confidential.  *See id.* § 6103.

Under 26 U.S.C. § 7433, there is a separate private right of action against the United States if "in connection with any collection of Federal tax . . . any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of [Title 26], or any regulation promulgated under [that] title." *Id.* § 7433(a). Congress has determined that, "[e]xcept as provided by section 7432 [dealing with damages for failure to release a lien], [a] civil action [under § 7433] shall be the exclusive remedy for recovering damages from such [tax collection activity]." *Id.*

Considering §§ 7431 and 7433 together, the question arises "whether the exclusivity provision of § 7433 bars a § 7431 suit for unauthorized disclosure of return information when the alleged disclosure occurs in connection with a tax collection activity." *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000). Although the D.C. Circuit has never addressed the question, the Ninth Circuit has persuasively explained why the exclusivity provision necessarily operates as a bar. *See id.* at 432–33. For one, the plain language of § 7433 supports that, "[e]xcept as provided by section 7432, [a] civil action [under § 7433] shall be the exclusive remedy for recovering damages" based on a violation of Title 26 that occurs "in connection with any collection of Federal tax." 26 U.S.C. § 7433(a). Moreover, the legislative history supports such an interpretation. Although § 7431 was already in existence when Congress enacted § 7433, "[t]he conference agreement adding the [exclusivity] provision [of § 7433] makes clear . . . that, except for § 7432 actions, all other actions for improper collection activity are precluded by § 7433." *Shwarz*, 234 F.3d at 433 (second and third alterations in original) (citing H.R. Conf. Rep. No. 100-1104, at 228–29 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5048, 5289); *see also Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of

3

existing law when it passes legislation."). Accordingly, at least three judges of this Court have

concluded that § 7433 bars claims under § 7431 when the alleged IRS disclosures involve federal

tax collection activity. *See Evans*, --- F. Supp. 2d at ---, 2007 WL 869039, at *3 (Bates, J.);

*Powell*, --- F. Supp. 2d at ---, 2007 WL 853129, at *1 (Leon, J.); *Koerner*, --- F. Supp. 2d at ---,

2007 WL 159716, at *2 (Huvelle, J.).

        In response to the government's motion to dismiss, plaintiff attempts to persuade the

Court that "the filing of notices of lien is *not a collection action*." (Resp. at 3.) However, as

Judge Bates has observed, "[t]his argument defies common sense." *Evans*, --- F. Supp. 2d at ---,

2007 WL 869039, at *4. The filing of a notice of lien is patently a tax collection activity. *See*

*id.*; *Koerner*, --- F. Supp. 2d at ---, 2007 WL 159716, at *3; *Opdahl v. United States*, No. 98-

0262, 2001 WL 1137296, at *2 (D.D.C. Aug. 16, 2001). Accordingly, even accepting all of the

factual allegations in plaintiff's amended complaint as true, plaintiff has no right of action under

§ 7431.[1] *See Shwarz*, 234 F.3d at 432–33.

## II.    In the Alternative, the Alleged Disclosure Did Not Violate § 6103

        As explained above, § 7431 provides civil damages when there is a negligent or willful

violation of § 6103. However, not all disclosures of tax return information violate § 6103. For

example,

---

[1]It would be futile for the Court to construe plaintiff's claim as one for damages under
§ 7433, because plaintiff does not purport to have exhausted her administrative remedies. (*See*
Resp. at 4–7 (arguing that failure to exhaust is an affirmative defense, but never asserting that
exhaustion occurred here).) Indeed, this Court has already dismissed a previous § 7433 action
by plaintiff for failure to exhaust. *See Glass v. United States*, 424 F. Supp. 2d 224, 227–30
(D.D.C. 2006). Although it is now clear that exhaustion is not a *jurisdictional* requirement,
failure to exhaust is nevertheless fatal under Rule 12(b)(6). *See Ross v. United States*, 460
F. Supp. 2d 139, 145–47 (D.D.C. 2006); *Lindsey v. United States*, 448 F. Supp. 2d 37, 61
(D.D.C. 2006).

> [a]n internal revenue officer or employee . . . may, in connection with his official duties relating to any . . . collection activity . . . disclose return information to the extent that such disclosure is necessary . . . with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of [Title 26]. Such disclosures shall be made only in such situations and under such conditions as the Secretary [of Treasury] may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of Treasury has promulgated regulations enumerating the specific circumstances under which disclosures are lawful pursuant to § 6103(k)(6). The regulations permit, *inter alia*, disclosures necessary "to locate assets in which the taxpayer has an interest . . . or otherwise to apply the provisions of the Internal Revenue Code relating to establishment of liens against such assets . . . ." 26 C.F.R. § 301.603(k)(6)-1(a)(vi) (2006).

Based on § 6103(k)(6) and the related Treasury regulations, several courts have concluded that a notice of lien does not give rise to a cause of action under § 7431. *See, e.g.*, *Mann v. United States*, 204 F.3d 1012, 1018 (10th Cir. 2000) ("Thus, § 6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien and levy, to the extent necessary to collect on taxes assessed."); *Opdahl*, 2001 WL 1137296, at *2 ("Federal courts have held that disclosure of return information in notices of levy is 'necessary to the collection activity' and thus falls within the § 6103(k)(6) exemption. The limited information concerning plaintiff's tax deficiencies included in the notice of lien and levies was 'necessary to the collection activity' and did not violate 26 U.S.C. § 7431." (citations omitted)); *see also William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485, 1489–90 (9th Cir. 1991) ("The recording of a federal tax liens in the County Recorder's Office . . . places

information in the liens . . . into the public domain.  Because information in the public domain is no longer confidential there can be no violation of Section 6103 and, consequently, no liability for disclosure of such information under Section 7431.").

Here, plaintiff does not challenge the validity of the IRS's notice of lien.  Plaintiff simply alleges that "[i]t was not necessary for the [IRS] agent(s) to place on the aforementioned Notice(s) of tax lien(s) tax return information which subjects plaintiff(s) to the possibility of identity theft."  (Am. Cmpl. ¶ 8.)  Accordingly, even assuming *arguendo* that § 7433 did not foreclose plaintiff's claim under § 7431, which it does, the Court concludes that, based on § 6103(k)(6) and related Treasury regulations, plaintiff has failed to state a claim under § 7431. *See Koerner*, --- F. Supp. 2d at ---, 2007 WL 159716, at *4; *Opdahl*, 2001 WL 1137296, at *2.

## CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff has failed to state a claim upon which relief can be granted.  Accordingly, the government's motion to dismiss [# 7] is **GRANTED**, and it is hereby **ORDERED** that this case be dismissed with prejudice.[2]

s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:    March 27, 2007

---

[2]The Court's dismissal of this case with prejudice does not foreclose plaintiff from bringing suit under § 7433, if she exhausts her administrative remedies.