IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEANOR M. GLASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:06-cv-1619-ESH |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM
ORDER OF DISMISSAL UNDER FED. R. CIV. P. 60(b)(6)

This is a suit brought under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service (the "Service").

STATEMENT & DISCUSSION

1. <u>Background</u>.  Plaintiff, Eleanor M. Glass, filed her complaint on September 18, 2006.  (PACER #1.)  The United States filed its motion to dismiss on December 12, 2006.  (PACER #4.)  Plaintiff filed her amended complaint on January 11, 2007.  (PACER #6.)  The United states filed its motion to dismiss amended complaint on January 26, 2007.  (PACER #7.)  On March 27, 2007, the Court dismissed the amended complaint, and the Clerk entered the order of dismissal on the same day.  (PACER #13.)

2. <u>Plaintiff's rule 60 motion</u>. On June 18, 2007, Plaintiff filed a motion for relief from order under Fed. R. Civ. P. 60(b)(6). (Pltf's. Mot. for Relief from Order of Dismissal Under Fed. R. Civ. P. 60(b) (6) at 1.) The motion seeks relief from the Court's order of dismissal issued and entered on March 27, 2007. (*Id.*)

3. <u>Plaintiff's rule 60(b)(6) motion is baseless</u>. Relief under Fed. R. Civ. P. 60(b)(6) should be only sparingly granted. *Computer Professionals for Social Responsibility v. Secret Service*, 72 F.3d 897, 903 (D.C. Cir. 1996). The rule applies only to extraordinary circumstances. *Id*. Nevertheless, when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under rule 60(b) may be proper. *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).

It is clear from Plaintiff's papers that all of her arguments are presentations of purely legal arguments. (*See* Mem. in Supp. of Mot. for Relief from Order of Dismissal Under Fed. R. Civ. P. 60(b)(6) at 2, 3, 4.) A legal argument is not a "previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." These arguments, which Plaintiff could have and should have made previously, do not constitute the "extraordinary circumstances" that would justify relief under rule 60(b)(6).

CONCLUSION

It is the position of the United States that Plaintiff's motion under Fed. R. Civ. P. 60(b)(6) should be denied.

DATE: June 20, 2007                                    Respectfully submitted,
                                                      /s/ Anne E. Blaess
                                                      ANNE E. BLAESS
                                                      Trial Attorney, Tax Division
                                                      U.S. Department of Justice
                                                      Post Office Box 227
                                                      Ben Franklin Station
                                                      Washington, DC 20044
                                                      Telephone: (202) 616-9806
                                                      Facsimile: (202) 514-6966
                                                      Email: Anne.E.Blaess@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROMORDER OF DISMISSAL UNDER FED. R. CIV. P. 60(b)(6) was caused to be served upon Plaintiff *pro se* on the 20th day of June, 2007, by depositing copies thereof in the United States' mail, postage prepaid, addressed as follows:

> ELEANOR M. GLASS
> Plaintiff *pro se*
> 600 Golondrina Drive
> Roswell, NM 88201

> /s/ Anne E. Blaess
> ANNE E. BLAESS